

# Service of Process Transmittal

05/02/2019
CT Log Number 535409782

| | |
|---|---|
| **TO:** | Kim Lundy Service of Process, Legal Support Supervisor<br>Walmart Inc.<br>702 SW 8th St, MS#0215<br>Bentonville, AR 72716-6209 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | Wal-Mart Stores Texas, LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Victorian Mandy, Pltf. vs. Wal-Mart Stores Texas, LLC, Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Petition |
| **COURT/AGENCY:** | 189th Judicial District Court, Harris County, TX<br>Case # 201929121 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 06/22/2018 - #791 - located in Alice, Texas |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/02/2019 at 14:24 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration date of 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | Jeffrey N. Todd<br>The Todd Law Group, PLLC<br>12929 Gulf Freeway, Suite 301<br>Houston, TX 77034<br>(832) 243-4953 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/02/2019, Expected Purge Date: 05/07/2019<br><br>Image SOP<br><br>Email Notification,  Kim Lundy Service of Process  ctlawsuits@walmartlegal.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>214-932-3601 |

EXHIBIT A

Page 1 of  1 / YC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

COPY OF PLEADING PROVIDED BY PLT

CAUSE NO. 201929121

RECEIPT NO: 783896 TRACKING NO: 73617560

| Plaintiff: | In The 189th |
|---|---|
| VICTORIAN, MANDY | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| WAL-MART STORES TEXAS LLC | Houston, Texas |

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

To:   WAL-MART STORES TEXAS LLC (A FOREIGN CORPORATION) BY SERVING ITS REGISTERED AGENT FOR SERVICE OF PROCESS THROUGH CT CORPORATION SYSTEM
1999 BRYAN STREET #900, DALLAS TX 75201

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on April 25, 2019 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.

This citation was issued on April 25, 2019, under my hand and seal of said court.

Issued at the request of:

TODD, JEFFREY NASH
12929 GULF FREEWAY, SUITE 301
HOUSTON, TX 77034
832-243-4953
Bar Number: 24028048



Marilyn Burgess

Marilyn Burgess, District Clerk
Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By: NELSON CUERO

Tracking Number: 72617560

## CAUSE NUMBER: 201929121

| | |
|---|---|
| PLAINTIFF: VICTORIAN, MANDY | In the 189th |
| vs. | Judicial District Court of |
| DEFENDANT: WAL-MART STORES TEXAS LLC | Harris County, Texas |

### OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____         By_____ ___
             Affiant                                                          Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.


                                                                _____
                                                                Notary Public

4/25/2019 3:36 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 33075767
By: Nelson Cuero
Filed: 4/25/2019 3:36 PM

CAUSE NO. _____

| | | |
|---|---|---|
| MANDY VICTORIAN<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§ | HARRIS COUNTY, TEXAS |
| WAL-MART STORES TEXAS, LLC.,<br>Defendant. | §<br>§ | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MANDY VICTORIAN ("VICTORIAN"), Plaintiff, and complains of WAL-MART STORES TEXAS, LLC. ("Wal-Mart"), Defendant, and for cause would respectfully show unto this Court as follows:

### I.
### Discovery Control Plan

1. Discovery is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II.
### The Parties

2. Plaintiff, MANDY VICTORIAN, is a natural person residing in Harris County, Texas.

3. Defendant, WAL-MART STORES TEXAS, LLC. ("Wal-Mart"), is a foreign corporation organized and existing under the laws of the State of Delaware, whose principal office is located at 702 SW 8th Street #0555- Tax Dept., Bentonville, State of Arkansas, is authorized to do business in Texas and may be served with process by serving its registered agent for service of process through CT Corporation System at 1999 Bryan Street, #900, Dallas, Texas 75201.

-1-

## III.
## Request Pursuant to Rule 28 for Substitution of True Name

4. To the extent that WAL-MART STORES TEXAS, LLC. is conducting business pursuant to a trade name or assumed name, then suit is brought against WAL-MART STORES TEXAS, LLC. pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and MANDY VICTORIAN hereby demands upon answer to this suit, that WAL-MART STORES TEXAS, LLC. answer in its correct legal and assumed names.

## IV.
## Jurisdiction and Venue

5. This Court has jurisdiction over the parties and subject matter of this cause, and has jurisdiction to grant all relief requested by Plaintiff.

6. The amount in controversy is within the jurisdictional limits of this Court.

7. Venue of this action is proper in Jim Wells County, Texas under, *inter alia*, Sections 15.002(a)(1) and (4) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE. Specifically, this suit is proper in Jim Wells County because all or a substantial part of the events or omissions giving rise to the claims occurred in Jim Wells County.

## V.
## Nature of the Case

8. On June 22, 2018, Plaintiff was shopping at Wal-Mart Supercenter store #791 located in Alice, Texas. As Plaintiff was unloading her cart at the cash register, Plaintiff slipped and fell in a powdery substance left standing on the floor, landed forcefully on the ground and sustained severe and extensive injuries to her body (the "Fall").

## VI.
## Causes of Action

A. ***Wal-Mart's Premises Liability***

9. VICTORIAN incorporates by reference the statements made in the above paragraphs as if fully set out herein.

10. There can be no question that VICTORIAN is an innocent victim in this case. At the time of the Fall, VICTORIAN was an invitee of Wal-Mart because he was a customer at Wal-Mart store #791. Because store #791 was open to the public, Wal-Mart extended an invitation to VICTORIAN to shop at Wal-Mart for the mutual benefit of both parties. Consequently, Wal-Mart, by and through its employee/agents owed VICTORIAN the duty to inspect the premises and maintain them in a reasonably safe manner.

11. Wal-Mart was the owner and/or operator of store #791 at the time of the Fall and, therefore, either owned, occupied, or controlled the premises where the Fall and subsequent injury occurred. Such negligence was the proximate cause of VICTORIAN's damages.

12. The standing powder left on the premises of Wal-Mart store #791 posed an unreasonable risk of harm because individuals walking through the store may slip and fall in the powder through no fault of their own and severely injure themselves.

13. Wal-Mart, by and through its employee/agents knew or should have known of the dangerous condition of the premises of Wal-Mart store #791 for numerous reasons including, but not limited to:

> a. Customers notified Wal-Mart of the dangerous condition at store #791 or other Wal-Mart stores of similar design and construction around the country;

b. Wal-Mart agents, servants, or employees actually witnessed accidents caused by the dangerous condition at store #791 or other Wal-Mart stores of similar design and construction around the country;

c. Wal-Mart agents, servants, or employees actually caused the dangerous condition at store #791 or other Wal-Mart stores of similar design and construction around the country;

d. Wal-Mart agents, servants, or employees were involved in the design and construction of the dangerous condition at store #791 or other Wal-Mart stores of similar design and construction around the country;

e. Wal-Mart agents, servants, or employees actually took precautionary measures regarding the dangerous condition at store #791 or other Wal-Mart stores of similar design and construction around the country;

f. Wal-Mart agents, servants, or employees actually took precautionary measures regarding the dangerous condition at store #791 or other Wal-Mart stores of similar design and construction around the country and negligently failed to remove, repair, or otherwise warn of the dangerous condition; and

g. The dangerous condition existed long enough at store #791 or other Wal-Mart stores of similar design and construction around the country that Wal-Mart did or should have discovered it upon reasonable inspection.

14. Wal-Mart breached its duty of care by both failing to make the dangerous condition reasonably safe and/or failing to adequately warn VICTORIAN of the dangerous condition at store #791. Each of these acts or omissions, taken alone or collectively, amount to premises liability by Wal-Mart and VICTORIAN sustained damages as a proximate result of Wal-Mart's conduct. Accordingly, Wal-Mart is liable to VICTORIAN as a result of its premises liability.

### B. *Wal-Mart's Negligence*

15. VICTORIAN incorporates by reference the statements made in the above paragraphs as if fully set out herein.

16. At the time of the Fall, VICTORIAN was an invitee at Wal-Mart and, as such, Wal-Mart had a duty to use ordinary care in maintaining the premises in a safe condition by inspecting, or ensuring the inspection of, the property for any dangerous conditions and by making safe any latent defect or providing an adequate warning of any such defect.

17. Wal-Mart, by and through its employee/agents breached its duty of care by failing to reasonably inspect, or ensure the reasonable inspection of, the property for any dangerous conditions and by failing to make the dangerous condition reasonably safe and/or failing to adequately warn VICTORIAN of the dangerous condition at store #791. Each of these acts or omissions, taken alone or collectively, amount to negligence by Wal-Mart and VICTORIAN sustained damages as a proximate result of Wal-Mart's conduct. Accordingly, Wal-Mart is liable to VICTORIAN as a result of its negligence.

### C. *Wal-Mart's Malicious & Grossly Negligent Conduct*

18. VICTORIAN incorporates by reference the statements made in the above paragraphs as if fully set out herein.

19. Wal-Mart acted with malice, as that term is defined by Civil Practice & Remedies Code §41.001(7). Specifically, Wal-Mart, by and through its employee/agents failed to reasonably inspect, or ensure that others reasonably inspected, the premises of Store #791 to determine if the premises were safe and acted with total disregard for the circumstances existing at the time. In the alternative, Wal-Mart, by and through its employee/agents failed to make the dangerous condition on its premises reasonably safe

and/or failed to adequately warn its invitees of same and acted with total disregard for the circumstances existing at the time.

20. When viewed from the perspective of Wal-Mart at the time of the acts or omissions, the acts or omissions of Wal-Mart involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Moreover, Wal-Mart had actual subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Consequently, Wal-Mart is liable to VICTORIAN for exemplary damages.

## VII.
## Damages

### A. *General Damages of MANDY VICTORIAN*

21. At the time of the accident made the basis of this suit, Plaintiff, MANDY VICTORIAN, was 38 years of age and had a life expectancy of 44.3 years, and a work-life expectancy of at least 20.5 years according to Vital Statistics of the United States, 2014, Life Tables.

22. As a direct and proximate result of Defendants' negligence, Plaintiff, MANDY VICTORIAN, has sustained mental and physical pain and suffering, mental anguish, physical impairment, lost wages in the past, and loss of earning capacity in the future, all of which are in reasonable probability permanent.

23. From the date of the accident in question until the time of trial of this case, the elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff, MANDY VICTORIAN, for each element are as follows:

    a. The physical pain that MANDY VICTORIAN has suffered from the date of the accident in question up to the time of trial.

      b.      The mental anguish that MANDY VICTORIAN has suffered from the date of the accident in question up to the time of trial.

      c.      The damages resulting from the physical impairment suffered by MANDY VICTORIAN and the resulting inability to do those tasks and services that he ordinarily would have been able to perform.

      d.      The loss of any earnings sustained by MANDY VICTORIAN from the date of the incident in question up to the time of trial.

      e.      The disfigurement which Plaintiff has suffered from the date of the incident in question up to the time of trial.

24. From the time of trial of this case, the elements of damages to be considered which Plaintiff, MANDY VICTORIAN, will sustain in the future beyond the trial, are such of the following elements that are shown by a preponderance of the evidence upon trial of this case:

      a.      The physical pain that MANDY VICTORIAN will suffer in the future beyond the time of trial.

      b.      The mental anguish that MANDY VICTORIAN will suffer in the future beyond the time of trial.

      c.      The damages resulting from the physical impairment that MANDY VICTORIAN will continue to suffer in the future and the resulting inability to do those tasks and services that he ordinarily would have been able to perform in the future beyond the time of trial.

      d.      The loss or reduction in Plaintiff's earnings or earning capacity in the future caused by the injuries sustained in the incident in question.

      e.      The disfigurement which Plaintiff will suffer in the future beyond the time of trial.

25. Because of all of the above and foregoing, Plaintiff, MANDY VICTORIAN, has been damaged and will be damaged in an amount within the jurisdictional limits of the Court.

### B. *Medical Damages of MANDY VICTORIAN*

26. Further, as a direct and proximate result of Defendants' negligence, it was necessary for your Plaintiff, MANDY VICTORIAN, to secure medical and hospital services, including drugs and other medication, and it is reasonably probable that he will require additional medical, hospital and drug services in the future beyond this date. Plaintiff, MANDY VICTORIAN, here now sues for an additional sum within the jurisdictional limits of the Court for past and future medical, hospital and drug services.

### C. *Gross Negligence/Malice*

27. The actions of the Defendant was so heedless and showed such a reckless disregard for the right of others affected by them, and particularly in this instance, as to constitute gross negligence and malice as defined by law. Such heedless and reckless disregard is more than momentary thoughtlessness, inadvertence or error in judgment. The acts and/or omissions of said Defendant as specifically complained of herein were the result of conscious indifference to the rights, welfare, and/or safety to your Plaintiff. Accordingly, because of such gross negligence and malice, Plaintiff further sues for exemplary and punitive damages in an amount within the jurisdictional limits of the Court.

### D. *Prejudgment Interest*

28. In addition to the above and foregoing allegations, Plaintiff further pleads that he is entitled to prejudgment interest at the highest rate allowed by law.

## VIII.
## Conditions Precedent

29. All conditions precedent have occurred, have been performed, have been waived or have otherwise been excused.

## IX.
## Miscellaneous

30. VICTORIAN respectfully reserves the right to amend and plead further as necessary and as additional facts are uncovered.

## X.
## T.R.C.P. 47(c)

31. Pursuant to T.R.C.P. 47(c), Plaintiff herenow seeks monetary relief over $200,000.00 but not more than $1,000,000.00.

## XI.
## Request for Disclosure

32. Under Texas Rule of Civil Procedure 194, Plaintiff MANDY VICTORIAN requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a) through (l).

## XII.
## RULE 193.7 NOTICE

33. Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XIII.
## Prayer

WHEREFORE PREMISES CONSIDERED, MANDY VICTORIAN asks that Defendants be cited to appear and answer, and on final trial, that Defendant be held liable and judgment be rendered for Plaintiff, MANDY VICTORIAN as follows:

(a) All actual, consequential, and special damages;

(b) Pre-judgment interest as provided by law;

(c) Punitive damages as provided by law;

(d) Post-judgment interest;

(e) Costs of Court; and,

(f) Such other and further relief, both general and special, legal and equitable, to which MANDY VICTORIAN may show herself justly entitled.

Respectfully submitted,

**THE TODD LAW GROUP, PLLC**

By: /s/ *Jeffrey N. Todd*

**Jeffrey N. Todd**
State Bar No. 24028048
12929 Gulf Freeway, Suite 301
Houston, Texas 77034
Telephone: (832) 243-4953
Telecopier: (713) 583-7818
jeff@jefftoddlaw.com

**ATTORNEYS FOR PLAINTIFF**